## OHIO vs. SMITH.

Proceedings under the act for the support and maintenance of illegitimate children,
must be founded on a complaint made in writing.
The examination of the party complaining, must be taken in writing by the magistrate,
and returned to court.
The form of recognizance prescribed by the statute, must be substantially adhered to, or
the whole will be quashed.

PROCEEDING under the act for the support and maintenance of
illegitimate children.

WRIGHT, for the defendant, moved to quash the proceedings :
1st.  Because there is no complaint in writing.
2d.  There is no examination in writing returned—and
3d.  There is no recognizance.

GOODENOW and HALLOCK, contra.

The return of the magistrate, in this case, was of three separate
papers, as follows :

*First*—

"1817, June 2.  The State of Ohio, on complaint of SUSAN SMITH, an unmarried
     woman, plaintiff :
                    *vs.*
          GEORGE SMITH, defendant, for begetting a bastard child on the
          body of Susan Smith.

Upon application of Susan Smith, an unmarried woman, and she
having filed an affidavit according to law, stating that she is pregnant
with a bastard child, and that George Smith is the father of the same,
a capias issued to John Hannah, constable of Pike township, who exe-
cuted it the same day, by bringing the body forthwith before me for
trial of the said defendant, who denied the charge exhibited against

STARK.
August 1817.

Ohio
v.
Smith.

him. And the said Susan Smith, complainant, being sworn and interrogated in presence of the defendant, it is therefore considered that the said George Smith is the reputed father of the said child; and that he be bound in a recognizance, with one sufficient security, to appear at the next court of common pleas for Stark county. Whereupon the said Herman Shultz, his security entered into a recognizance in the penalty of four hundred dollars, conditioned for the said George Smith's appearance at the next court of common pleas of said county.

| | |
|---|---|
| Justice's fees, | $1 05 |
| Constable's, | 40 |
| | $1 45 |

I, Pitney Guest, one of the acting justices of the peace of Pike township, and county aforesaid, do hereby certify, that the foregoing are the proceedings and judgment had before me, in said suit. Given under my hand and seal, the 26th day of June, 1817.

PITNEY GUEST, J. P."

*Second—*

" *Stark county, Pike township.*—Whereas George Smith hath been arrested, and is in custody, at the suit of Susan Smith, in an action for begetting a bastard child on the body of Susan Smith. Now, therefore, you, Herman Shultz, do acknowledge youself special bail in said action, in the sum of four hundred dollars, good and lawful money of the United States, to be levied on your goods and chattels, lands and tenements; and for want thereof. upon your body, if default be made in the condition of your recognizance; which condition is, that the said George Smith shall be and appear before the next court of common pleas of Stark county, and not depart the court without leave; and if judgment be given against him, that he shall pay the cost and condemnation money, or render his body in execution.

HERMAN SHULTZ.

Acknowledged before me this 2d day of June, 1817.
PITNEY GUEST, J. P."

*And third—*

" Complainant says it was the last of September the child was got, in 1816. Questions by the defendant: Was not Adam Anderson with you? Answer, No. Was not David Miller with you at that time? Not in this way—I was with none but you, and that but once—and by that you promised to marry me. I did not."

PRESIDENT.—Every reasonable intendment is to be made in favor of the proceedings of justices of the peace, and we will not turn the parties round to begin, *de novo*, if by such intendment the appellate jurisdiction of this court can be sustained.

STARK.
August, 1817.

Ohio
*v.*
Smith.

The 1st section of the act requires the justice to take the *complaint* or *accusation*, in writing, and *thereupon* to issue his warrant—the 2d section, to bind *such accused* person in a recognizance to answer *such accusation*, and on neglect or refusal to commit him, to be held to answer *such complaint*.—The 5th section provides, that where *such accused* person shall plead not guilty, to *such charge*, the court shall order the issue to be tried by a jury, &c. The terms " *complaint*" and " *accusation*," in the first section, have the same meaning. Such complaint is to be taken in writing, by the justice; it is *thereupon* he issues his warrant; it is to answer that, that the party accused is to be recognized or committed, and to that alone is he to be called upon to plead in this court. The complaint of the party in writing, then, is the foundation of the whole proceedings, without which the party cannot be arrested, recognized, committed, or put to plead. It appears, by the magistrate's return, certified into this court, that such complaint was made in this case; for we will intend that " an affidavit according to law," on which a capias issued, was the accusation in writing, required by the statute. This complaint should have been returned to this court, to be proceeded in; it cannot be supplied by the magistrate's certificate of the substance of it.

The 1st section of the act requires the justice, on the return of the warrant, " to examine the complainant, under oath, respecting her cause of complaint; and such accused person shall be allowed to ask the said complainant, when under oath, any questions he may think necessary for his justification; and such questions and answers, with every other part of the examination, shall be reduced to writing by the justice." And the 5th section provides, that on the trial of the issue, " the examination before the justice shall be given in evidence," and the jury are to take into consideration " any variation in his testimony before the justice, and that before the jury." It is not disputed, but that such examination of the complainant, must be made, and reduced to writing, by the justice, and returned to this court; but it is urged, that here is such examination as the law requires—here is a piece of paper, without date or name of either party in this suit, not entitled in any suit, and not signed or certified by any body: and we are asked to

12

STARK.
August, 1817.

Ohio
v.
Smith.

take this as an examination in writing, duly taken and returned by the magistrate. We cannot intend this to be any part of the proceedings before the magistrate, without some evidence of such fact; it is not certified by him, or annexed to his transcript; we have not, then, any examination of the complainant before us.

The 2d section of the act provides, "that in case such accused person do not comply with the provisions in the first section in this act contained, the justice to whom such complaint was made, *shall bind such person in a recognizance* to the next court of common pleas, with sufficient security in," &c. The writing, which is said to be the recognizance taken, does not appear to form any part of the proceedings in this cause before the magistrate, or to have been taken in this suit. It is not, however, a recognizance in any case, but an acknowledgement of special bail merely. When the statute law (vol. 14, reprinted laws, page 85) gives the form of a recognizance, and requires that it " shall be pursued and adopted by the justices of the peace," a recognizance, to be valid, must substantially conform to the statute. Another objection to this writing is, that it *does not bind the person* complained of; so that, in no point of view, can it be intended to be such a recognizance as the law requires.

It appears that this suit is not brought into this court in such way that we can lawfully proceed in it ; for want of jurisdiction, therefore, it must be dismissed.